**Moghtaderi v Apis Capital Advisors, LLC**

2024 NY Slip Op 30353(U)

January 30, 2024

Supreme Court, New York County

Docket Number: Index No. 650287/2020

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MELISSA A. CRANE                    PART          60M

_Justice_

-----------------------------------------------------------------------------X

KAMRAN MOGHTADERI,

                                Plaintiff,

                              - v -

APIS CAPITAL ADVISORS, LLC,DEKI CAPITAL GP,
LLC,ERIC C ALMERAZ, DANIEL J BARKER

                         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650287/2020 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 145, 146, 147, 148, 149, 150, 151, 152, 173, 174, 175, 176

were read on this motion to/for                       PRECLUDE            .

Upon the foregoing documents, it is

That part of defendant's motion to preclude plaintiff's expert is granted in its entirety.

Plaintiff has utterly disregarded several deadlines and the rules of this court. In its preliminary conference order dated 11/28/2022, this court set 4/14/2023 as the deadline **to complete** expert discovery [see EDOC 50] and tied the note of issue to that same date. That order also expressly states that the dates were "final," could not be adjourned by stipulation and that failure to comply "will result in waiver, preclusion and/or other penalties as appropriate." That same order also warned that "[i]f any dispute over discovery arises, the parties must promptly meet and confer in good faith to resolve the issues. If the parties cannot compromise and resolve the issues, they must immediately contact the court at SFC-Part60@nycourts.gov to request a conference, otherwise the issues will be waived (_see_ Part Rule 8 [a])."

**650287/2020   MOGHTADERI, KAMRAN vs. APIS CAPITAL ADVISORS, LLC**
**Motion No.  005**

**Page 1 of 4**

1 of 4

On 4/13/2023, plaintiff filed the note of issue certifying that all discovery was complete except for certain depositions that plaintiff had asked for in a motion to compel that was then pending. Indeed, the granting of that motion (motion 2) led to another motion to compel from plaintiff on July 24, 2023. Thus, clearly, plaintiff has had no trouble asking the court to award discovery throughout the course of this acrimonious litigation. Never, during the midst of all this motion practice (or at any other point) did plaintiff reveal they intended to call an expert at trial.

Commercial Division rule 13 ( c ) states that "the note of issue and certificate of readiness may not be filed until the completion of expert disclosure. Expert disclosure provided after these dates without good cause will be precluded." PLAINTIFF is the one who filed the NOI stating that all discovery was complete except for items involved in the motion to compel mentioned above. Plaintiff did not mention on the NOI that he was waiting for documents from a non-party or the future interposition of an expert. Despite the waiver language in the court's order, at no point did plaintiff apprize the court that they still needed discovery, were waiting for non-party documents or intended to present an expert at trial.

It was not until December 20, 2023, that plaintiff finally disclosed on their list of witnesses for trial that they were calling an expert. This more than 8 months after the close of expert discovery and filing of the note of issue, and after this case was scheduled for trial.

The lack of receipt of non-party documents is not an excuse. At no point did the plaintiff reach out to the court as directed in discovery orders. Considering that plaintiff has had no problem reaching out to the court for every trivial discovery dispute, it is surprising he did not reach out about needing an expert prior to the time that all deadlines for expert discovery had lapsed. At the very least, he could have mentioned the need for expert disclosure on the NOI.

**650287/2020   MOGHTADERI, KAMRAN vs. APIS CAPITAL ADVISORS, LLC**
**Motion No.  005**

**Page 2 of 4**

Instead, plaintiff waited until the eve of trial. This is prejudicial to defendants who have been diligently preparing for a trial without an expert for months.

Finally, not only did plaintiff utterly fail to comply with the deadlines for expert disclosure that this court set, or even the deadlines contained in the Commercial Division rules, the expert disclosure that plaintiff did make was woefully insufficient. For starters, there is no written report from the expert. Accordingly, for all these reasons, the court precludes plaintiff from calling its expert, Mark Gottlieb, at trial.

Plaintiff also seeks to introduce at trial his own affidavit from a prior motion. Plaintiff provides no basis to admit this affidavit as evidence, especially considering he opposes defendant's use of depositions as direct testimony which the court had encouraged (see motion 6). Should it come to pass in response to a question during live testimony, that plaintiff cannot recall sufficiently to formulate an answer, there is nothing precluding plaintiff from using his affidavit or anything else to refresh his recollection. However, there is no basis to admit the affidavit as evidence. Similar analysis applies to the depositions plaintiff seeks to interpose. They can be used for impeachment purposes, but, without more, do not come in as exhibits (see CPLR 3117).

Finally, plaintiff is precluded from challenging defendants' updates to the "income hurdle rate." Plaintiff does not appear to oppose this portion of defendant's motion. That was wise. Back on May 12, 2022, the Appellate Division, First Department affirmed this court's dismissal of plaintiff's breach of contract claim as to the updated Income Hurdle Rate:

> Plaintiff's breach of contract claim as to the updated Income Hurdle Rate was properly dismissed. Under section 1.09(a) of Addendum B, defendants were permitted to "update" the Income Hurdle Rate from time to time in their sole discretion. The decision to use the word "update" rather than "amend" must be viewed as intentional. Moreover, the language of section 1.10 of Addendum B

**650287/2020   MOGHTADERI, KAMRAN vs. APIS CAPITAL ADVISORS, LLC**
**Motion No.  005**

Page 3 of 4

shows that the parties chose to ensure certain defined terms were fixed on the earlier of the withdrawal effective date and the date of request or notice of withdrawal. However, Income Hurdle Rate was not included in this list, and therefore, defendants were free to update the Income Hurdle Rate in 2017 from $1.5 million to $2.2 million without obtaining plaintiff's consent.

*Moghtaderi v. Apis Cap. Advisors*, 205 A.D.3d 504, 505–06 (1st Dep't 2022). Accordingly, if plaintiff intended to revive this claim at trial with evidence about the calculation of the updated income hurdle rate, he is precluded.

Accordingly, it is

ORDERED THAT the court grants defendants' motion in limine to preclude in its entirety.

20240130120240MACRANE41BE9C5148D648269EF84AE6642EE951

| 1/30/2024 | | MELISSA A. CRANE, J.S.C. |
|-----------|---|--------------------------|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|-----------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

650287/2020   MOGHTADERI, KAMRAN vs. APIS CAPITAL ADVISORS, LLC                Page 4 of 4
Motion No.  005

4 of 4

[* 4]